**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Perimeter Internetworking, Inc., | ) | No. MC 11-00095-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jay Jacobson, | ) | |
| Defendant. | ) | |

We have before us plaintiff's motion to compel compliance with subpoena to Osborn Maledon, P.A. ("Osborn") (doc. 5), Osborn's response (doc. 8), and plaintiff's reply (doc. 13). Plaintiff Perimeter Internetworking, Inc. ("Perimeter") acquired Edgeos, Inc. ("Edgeos") through an asset purchase agreement ("APA") executed by Perimeter, Edgeos, and the two shareholders of Edgeos, Erik Stephens and Jay Jacobson. Osborn represented Edgeos in this transaction and was paid by Perimeter. Edgeos, Stephens, and Jacobson signed the retainer agreement. Edgeos later merged into Perimeter.

Jacobson served as an employee pursuant to contract until he was terminated by Perimeter for cause. Perimeter sued Jacobson, who asserted counterclaims relating to the APA. Perimeter requested all documents pertaining to Osborn's representation of Edgeos, including all documents provided to it by Jacobson. Osborn refused to comply. Jacobson was notified of the subpoena but did not object to it or consent to disclosure.

Osborn asserts that it may not reveal confidential information of its former client, Jacobson, without his consent. Perimeter asserts that it is a client of Osborn since it acquired Edgeos, and joint representation does not take away its right to its own client file pursuant

to Arizona Rule of Professional Conduct ER 1.16(d).

No rule directly addresses the identity of the client after a merger. And while ER 1.9(a) and (b) allow a lawyer to represent a client adverse to his former client if the former client gives consent, there is no such waiver provision for revealing information relating to the representation of a former client. See ER 1.9(c)(2).

The parties have not eased our task. Neither party cites a case or opinion from the Committee on the Rules of Professional Conduct. Perhaps no relevant authority exists. Our search does not uncover any cases or opinions on point. Nevertheless, a full development of the facts and legal arguments would still have been possible, but this too was lacking on both sides. Many irregularities appear in the short recitation of the underlying facts. For instance, we are left to wonder why Jacobson failed to object to the subpoena although he is presumably represented by counsel, why Perimeter paid Osborn's legal fees related to the APA, why it did not receive a copy of the client file from Osborn or Edgeos after the merger, and more.

A lawyer may represent an organization and any of its directors or shareholders. ER 1.13(g). Such dual representation, while beneficial in certain circumstances, can easily lead to conflicts like the one at hand. As section 1 of the comment to ER 1.13 recognizes, "[a]n organizational client is a legal entity, but it cannot act except through its officers, directors, employees, shareholders and other constituents." Edgeos was a legal entity, yet it would be unrealistic to say that it was entirely separate from its only two shareholders. It could not act except through Jacobson and Stephens. Edgeos as it was then constituted, with two shareholders, was Osborn's client during the merger. As a result, we understand Osborn's hesitation to relinquish its file to a party who is now adverse to one of these shareholders.

**IT IS HEREBY ORDERED DENYING** plaintiff's motion to compel (doc. 5).

DATED this 22nd day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -